IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FRANK LEYVA; et. al., | No. CIV 04-349-TUC-CKJ |
| Plaintiffs, | **ORDER** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Pending before this Court is United States Magistrate Judge Hector C. Estrada's Report and Recommendation [Doc. #60] in which he recommends that this Court grant the Defendant's Motion for Summary Judgment [Doc. #56]. Plaintiffs did not respond to the Motion for Summary Judgment.

The Report and Recommendation indicated that any party could file written objections within ten days after being served with a copy of the Report and Recommendation. The Report and Recommendation was electronically filed on May 8, 2007. The parties have not filed objections to the Report and Recommendation. However, on May 31, 2007, Plaintiffs sent a letter to this Court [Doc. #62] that was interpreted as a motion for oral argument. This motion was denied as Plaintiffs had failed to respond to Defendant's Motion for Summary Judgement. However, the Court did grant Plaintiffs additional time to June 15, 2007, in which to file objections. Plaintiffs failed to file any objections.

1   Furthermore, Mrs. Leyva indicated in the letter that she and her husband could not
2   afford an attorney.  This was construed by the Clerk of the Court as a motion to appoint
3   counsel, to which the government responded.

4   There is no constitutional right to appointment of counsel in a civil case. *See Ivey v.*
5   *Board of Regents of University of Alaska*, 673 F.2d 266 (9th Cir. 1982); *Randall v. Wyrick*,
6   642 F.2d 304 (8th Cir. 1981). Moreover, the only possible authority creating a statutory right
7   would be 28 U.S.C. § 1915(e)(1), which confers on the Court the discretion to appoint
8   counsel to represent an indigent civil litigant.  *See Aldabe v. Aldabe*, 616 F.2d 1089 (9th
9   1980).  This Court may request an attorney to represent a person proceeding in forma
10  pauperis who is unable to afford counsel. *See* 28 U.S.C. §1915(e)(1). An appointment of
11  counsel may be designated under this section only in "exceptional circumstances." *Wilborn*
12  *v. Escaleron*, 789 F.2d 1328, 1331 (9th Cir. 1986).  A finding of exceptional circumstances
13  requires an evaluation of both "the likelihood of success on the merits and the ability of the
14  petitioner to articulate his claims pro se in light of the complexity of the legal issues
15  involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Neither of these factors is
16  dispositive and both must be viewed together before reaching a decision of request of counsel
17  under §1915(e)(1).  *See id.*

18  A review of the record shows that Plaintiffs have not demonstrated a likelihood of
19  success on the merits. Accordingly, this case does not present "exceptional circumstances"
20  requiring the appointment of counsel and the Motion is denied.

21  In conclusion, the Court has carefully reviewed the entire record and finds Judge
22  Estrada's analysis well-reasoned with no clear error. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ.
23  P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v.*
24  *Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998). Accordingly,

25

26  IT IS HEREBY ORDERED:
27  1. The Report and Recommendation [Doc. #60] is adopted.
28  2. The Motion to Appoint Counsel [Doc. #62] is denied.

1   3. This case is dismissed with prejudice and the Clerk of the Court shall close the file
2 on this matter.

3   DATED this 5th day of July, 2007.

_____
Cindy K. Jorgenson
United States District Judge